**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| DEEP PATEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 6:26-cv-03387-MBB |
| | ) |
| MARKWAYNE MULLIN, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner Deep Patel petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.  He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing.  (**Doc. 1**, p. 11).  He asks the Court to order the Government to provide such a hearing or immediately release him.  (***Id.*** at pp. 12-13).  Because Petitioner's detention does not violate the Immigration and Nationality Act (the "INA") or procedural due process, the petition is DENIED.

### Background

Petitioner, a citizen of India, entered the United States illegally in 2025.  (***Id.*** at p. 4).  On March 11, 2026, DHS encountered him during an immigration enforcement operation.  (***Id.*** at p. 5).  DHS detained him and initiated removal proceedings.  (***Id.*** at p. 4).  Petitioner filed an application for asylum.  (***Id.***).  He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending removal proceedings.  (***Id.*** at p. 6).  On July 6, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (**Doc. 1**).  He argues that his detention without bond violates the INA and his right to procedural due process.  (***Id.*** at pp. 11-12).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief."). Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA or his right to procedural due process.

**I. Petitioner's detention does not violate the INA because he is properly detained under Section 1225(b)(2)(A).**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**. An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). If an alien is an "applicant for admission," he is also "seeking admission." ***Avila***, 170 F.4th at 1134.

2

Petitioner concedes that he has not been admitted to the United States. He is present without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is an "applicant for admission," "seeking admission" under Section 1225(b)(2)(A). And he presents no evidence that he is "clearly and beyond a doubt entitled to be admitted." **8 U.S.C. § 1225(b)(2)(A)**. He is properly detained under Section 1225(b)(2)(A).

Petitioner argues that his arrest record indicates that he is detained under 8 U.S.C. § 1226(a), not Section 1225(b)(2)(A). (**Doc. 8**, p. 5). But he presents no evidence of that record. Regardless, Petitioner is still an "applicant for admission," "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. "[T]he mere failure of [DHS]" to initially detain him under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See Avila*, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." *Id.* (cleaned up).

## II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.

Petitioner urges the Court to evaluate his procedural due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. (**Doc. 1**, p. 13). *See **Mathews v. Eldridge**, 424 U.S. 319 (1976). He complains that his mandatory detention under Section 1225(b)(2)(A) fails that test. But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See **Baynee v. Garland**, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary").

Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See **id.** at 932. *See also **Department of Homeland***

3

*Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See Demore*, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. *Id.* at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Baynee*, 115 F.4th at 933, *quoting Demore*, 538 U.S. at 527.

Petitioner's detention does not violate procedural due process because it comports with Section 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that his removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See Baynee*, 115 F.4th at 932.

### Conclusion

Petitioner's continued detention does not violate the INA or his right to procedural due process. The Petition for a Writ of Habeas Corpus is DENIED.


**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2026

4